UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   **13 CV 7598**

RECEIVED
OCT 25 2013
PRO SE OFFICE

_DEIVASIGAMANI   GURUSWAMY_

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

1) _MARSH & MCLENNAN COMPANIES, INC/_

_GUY CARPENTER & COMPANY, LLC_

2) _US EEOC.   (3) DIVISION OF HUMAN RIGHTS, STATE OF NY_

_(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)_

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
_(check one)_

This action is brought for discrimination in employment pursuant to: _(check only those that apply)_

✓     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
_**NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

✓     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
_**NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission._

       Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
_**NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

✓     New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

✓     New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

**I.   Parties in this complaint:**

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name _DEIVASIGAMANI   GURUSWAMY._

Street Address _136  ELM  STREET_

County, City _BERGEN   CRESSKILL_

State & Zip Code _NJ -  07626_

Telephone Number _201 - 541 - 7596 , 201 - 233 - 8490 (cell)_

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant   Name _MARSH & MCLENNAN COMPANIES , INC./GUY CARPENTER &_
_COMPANY LLC_

Street Address _1166  AVENUE  OF  AMERICAS_

County, City _NEW  YORK  MANHATTAN ,  NEW  YORK._

State & Zip Code _NY -  10036_

Telephone Number _212 - 345 - 0089 , 212 - 345 - 5000_
_ATTN : PHILLIP PERRY , EMPLOYEE RELATIONS  SPECIALIST_

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer _GUY  CARPENTER & COMPANY  LLC_

Street Address _1166  AVENUE  OF  AMERICAS_

County, City _MANHATTAN ,  NEW  YORK._

State & Zip Code _NY - 10036 ._

Telephone Number _212 - 345 - 0089 ._

_Please Note : See  attachments  for  all_
_defendants._

**II.   Statement of Claim:**

State as briefly as possible the _facts_ of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: _(check only those that apply)_

_✓_       Failure to hire me.

_✓_       Termination of my employment.

_✓_       Failure to promote me.

_✓_       Failure to accommodate my disability.

_✓_       Unequal terms and conditions of my employment.

1.  PARTIES   IN   THIS   COMPLAINT

(D).   U.S. EEOC

EEOC   REPRESENTATIVE :  HOLLY  M. WOODYARD.

NEW   YORK   DISTRICT   OFFICE.

33   WHITEHALL   STREET.,

5th   FLOOR.

NEW   YORK,  NY 10004.

TELEPHONE:  212-336-3643

(E)   CAROLINE   J.   DOWNEY   (GENERAL  COUNSEL)

STATE   OF  NEW  YORK,   DIVISION  OF  HUMAN  RIGHTS,

ONE   FORDHAM   PLAZA ,  FOURTH   FLOOR,

BRONX ,  NEW  YORK  10458.

TEL :  718 — 741 — 8398.

    _____    Retaliation.    *1) not providing employment verification/reference since 2006*

    ✓    Other acts *(specify):* *2) discriminatory harrassment, 3) hostile work environment*

> *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: *08/04, 04/05, 01/05, 12/04, 04/06, 07/06, 09/06, 10/06, 12/06, 01/07, 03/07, 06/07, 07/07, 12/07, 01/08, 2009-2011, 03/2012,* MM / YY Date(s)

C.    I believe that defendant(s) *(check one):*

    ✓    is still committing these acts against me.

    _____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain):*

    ☑    race  *ASIAN / INDIAN*    ☑    color  *DARK /* ~~━━~~

    ☐    gender/sex  _____    ☑    religion  *HINDU*

    ☑    national origin  *INDIAN*

    ☑    age.  My date of birth is  *NOVEMBER 7, 1964*  *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐    disability or perceived disability,  _____  *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary):*

*Please see attachments (Typed) - why US District Court, NY should reverse the EEOC's findings (Page 1-3). Exhibit E - US EEOC letter. Exhibit A - NEW YORK STATE DIVISION OF HUMAN RIGHTS DETERMINATION - Exhibit B - NEW YORK STATE DIVISION OF HR APPEAL REQUEST. & GENERAL COUNSEL LETTER. Exhibit C - NEW YORK STATE DIVISION OF HUMAN RIGHTS - CORRESPONDENCE & PROOFS OF EVIDENCES Exhibit D - NEW YORK STATE DIVISION OF HR - ORIGINAL APPLICATIONS & PROOFS OF EVIDENCES*

> *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

## III.  Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: *JULY 26/27, 2013*    *(Date).*

*Rev. 05/2010*            3

***EXPLANATION AS TO WHY THE COURT SHOULD REVERSE THE DECISION:***

I am appealing the decision of the EEOC which has adopted the findings of the Division of Human Rights (State of New York) who rendered a determination of "no probable cause" to believe that respondents have engaged in or engaging in the unlawful discriminatory practice complained of.  The determination was sent on July 12, 2013 and an appeal to the determination was replied on July 24, 2013 with a confirmation of determination mailed on August  12, 2013 and received by me on August 15 2013.

The court should reverse the decision on account of following reasons:

On receiving the determination from the Division of Human Rights I sent an appeal letter to the Division of Human Rights(State of New York)  explaining the reason for my appeal that the witnesses and evidences given by me were not investigated and taken into account for their determination.  (Exhibit) The Division has not contacted any of the witnesses. The Division of Human Rights General Counsel sent a letter dated August 12 2013 that I could file a notice of petition within 60 days of this determination.

"Actions taken by an employer that disadvantage an employee for no logical reason *constitute strong evidence of an intent to discriminate"*.  Smallen v New York Univ. Supreme Court of New York, New York County July 9, 2009; *DeMarco v Holy Cross High School, 4 F3d 166, 171[2d Cir 1993]; see also Stratton v Department for the Aging for City of New York, 132 F3d 869, 879 n6 [2d Cir 1997]*

*In Faragher v City of Bocoa Raton (524 U.S. 775,118 S. Ct. 2275, 141 L. Ed. 2d 662 [1998]) and Burlington Indus., Unc. V Ellertg (524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633[1998]),* the U.S Supreme Court held that, in cases in which a hostile work environment has not resulted in a "tangible employment action," such as a demotion, a cut in pay, or a termination, a defendant may raise an affirmative defense "to liability or damages" by showing a preponderance of the evidence."

I believe the Division of Human Rights has failed to investigate the actions taken by the employer towards me many times discriminating against me because of age, national origin, color/race, sex and not proceeded to retrieve the documents from the employers Human Resources archive files.  That would have revealed and confirmed the evidences, witnesses and information I had provided with the original application and subsequent letters to the division.

Please refer to the original complaint that gives evidences and documents of discrimination and harassment towards me in the complaint which is summarize as below :

1. Five final job offers stalled or withered between 2006 and 2010 because of no employment reference or misappropriate reference  from Mr. Arthur Fuege(Supervisor) or Ms. Sarah Kurek (HR Manager) which continues till now as is not the practice  for other former employees.  A third party reference verification agency's report clearly showed HR Manager not providing information on phone or by mail.
2. A discrimination incident when Mr. Arthur Fuege requires me to report to work early during medical

Leave due to stomach surgery.   Mr.Arthur Fuege ridiculed in a meeting my phone beep as a heart pacer beep on my return from surgery.

3. I was in a Lower pay and lower job duties compared to other employees performing the similar role.

4. Mr. Arthur Fuege making a remark on national origin that I should have been there in 2004 Tsunami.

5. Mr. Arthur Fuege denied permission to proceed when CIO was interested for a change of role for me.

6. Mr. Arthur Fuege   denied interview when a new Guy Carpenter CIO was interested in interviewing me.

7. Mr.  Arthur Fuege lowering performance review rating as a result of an alleged misconstrued remark on Mr. Shamith Hamid , not willing to discuss.

8. Mr. Shamith Hamid(Team lead) making a remark that he will send me to the country where I come from.

9. Mr. Shamith Hamid harassing work environment in not allowing to attend invited meetings and threats if did attend the required invited meetings.

10.  Mr. Shamith Hamid not providing resources and information as required and denying meeting requests.

11. Ms Sarah Kurek (HR Manager) tried to prevent my unemployment claim to NJ State as stating my resignation was voluntary contradicting the forced termination.  NJ State overturned the unemployment claim denial request by Guy Carpenter Human Resources.

12. Under New York law, an employer cannot require a release as a condition to severance the employee is already entitled to receive.  Likewise, according to the EEOC, whether a waiver of rights under Title VII, ADA, EPA, OWBPA was "knowing and voluntary?," a valid severance release waiver must be supported by consideration in addition to that to which the employee already is entitled, which was not done in my termination and severance waiver.

13. I was not aware until relatively recently that the severance agreement was unenforceable because there was no additional consideration for it.  By requiring me to sign an unenforceable severance agreement, the Guy Carpenter Company misleads me to believe that I had waived my rights.  They should be prohibited from benefitting from this deceit and stopped, and the statute of limitations should be equitably tolled similarly to the way it is tolled under the discovery rule and under the continuing violation doctrine.

The Division of Human Rights also mistakenly considered the only online verifications with the Work number third party agency done, was by me for non-employment purposes as if I admitted that the Work number third party agency provided verification to the prospective employers.  In fact the proof I sent to them clearly showed the verification was done by me for personal use to me and not for prospective employers.

The Division of Human Rights did not consider that the respondent employers Marsh McLennan Companies inc./Guy Carpenter LLC HR Manager proofs of evidence in July –September 2007 (Exhibit D – Attachment 2) by a third party employment verification of not providing employment information and reference by phone or mail correspondence.  The HR manager did not refer to the Work Number or

mention anything about the Work Number to the third party employment.   This points to strong possibilities that my prospective employers when contacted Guy Carpenter for employment verification or reference did not get any information.  This should be considered as evidence to the Division point of contention that I failed to proffer evidence to support my claim.

During most in-person interviews employment application forms requires information of past employer's supervisor and HR names with telephone contact numbers.  And I had  provided  my respondent employer supervisor (Mr. Arthur Fuege) and HR Manager (Ms. Sarah Kurek)  contact telephone numbers in the potential employer application forms and I believe the final offers which were stalled was because of no employment reference from Guy Carpenter  LLC.

When I was proceeding to seek out employment after coming out from Guy Carpenter in April 2006, Mr. Arthur Fuege and Ms. Sarah Kurek HR with managerial responsibility did not follow the standard employment reference that was provided to other former employees, but refrained from providing to potential employers and misrepresented to me that no one had approached them, which is a discriminatory practice that has resulted in ruining my professional career and void of income for last 7 years.

 I pray to the judiciary that the Division of Human Rights (State of New York) determination is reversed and that further investigation will prove that Guy Carpenter is liable for the discriminatory practices.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

___✓___    issued a Notice of Right to Sue letter, which I received on 09/14/2013  *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

___✓___    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: I seek missed employment earnings of the Potential Employer since 2007 which ($195,000 X 7 years) = $1,365,000/=. Unearned pay Compensation for employment period ($60,000 X 1.75 year) = $105,000/=. Total = 1,470,000/=.
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 25th day of October, 2013

Signature of Plaintiff    _G. Deivanjsmar_

Address    DEIVASIGAMANI  GURUSWAMY

136  ELM  STREET,

CRESSKILL,  NJ - 07626.

Telephone Number    201-541-7596 , 201-233-8490 (cell)

Fax Number *(if you have one)*    _____

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **Deivasigamani Guruswamy**<br>**136 Elm Street**<br>**Cresskill, NJ 07626** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2013-01451 | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry_                                    September 11, 2013

| Enclosures(s) | **Kevin J. Berry,**<br>**District Director** | *(Date Mailed)* |
|---|---|---|

cc:

| **MARSH & MCLENNAN COMPANIES, INC.**<br>Attn: Phillip Perry, Employee Relations Spec.<br>**1166 Avenue of the Americas**<br>**New York, NY 10036-2774** | **Guy Carpenter & Co., LLC**<br>Attn: Phillip Perry, Employee Relations Spec.<br>**1166 Avenue of the Americas**<br>**New York, NY 10036-2774** |
|---|---|

EXHIBIT A



STATE OF NEW YORK
# DIVISION OF HUMAN RIGHTS
ONE FORDHAM PLAZA, FOURTH FLOOR
BRONX, NEW YORK 10458

(718) 741-8398
Fax: (718) 741-8102
www.dhr.ny.gov

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

August ___9___, 2013

Deivasigamani Guruswamy
136 Elm Street
Cresskill, NJ 07626

     Re:    Deivasigamani Guruswamy v. Marsh & McLennan Companies, Inc., Guy
            Carpenter & Company, LLC
            Case No. 10159640

Dear Mr. Guruswamy:

     We are in receipt of your reopening request with respect to the above case.

     You are advised that, pursuant to Section 298 of the Executive Law (Human Rights Law), a no probable cause determination is a final order of the Division which is subject exclusively to judicial review. Judicial review is commenced by the filing of a Notice of Petition and Petition directly with the New York State Supreme Court in the county where the unlawful discriminatory practice took place, within 60 days after the date of service of the determination. You were informed of your right to judicial review in the determination.

     Where an appeal is not taken and the time to appeal has expired, a reopening may be predicated only upon actions occurring subsequent to the investigation, or an allegation of newly discovered evidence of wrongdoing, fraud or irregularity which could not, with due diligence, have been discovered before the dismissal of the complaint (9 NYCRR §465.20(c)).

     Enclosed is a copy of 22 N.Y.C.R.R. §202.57 regarding Judicial Review of Orders of the Division of Human Rights.

     <u>For information on the proper procedure for filing a notice of petition and petition, you may wish to contact the Court directly at:</u>

        **Supreme Court, New York County**
        **60 Centre Street**
        **New York, New York 10007**
        **(646) 386-3685**

EXHIBIT-A

NEW YORK CODES, RULES AND REGULATIONS

TITLE 22. JUDICIARY
SUBTITLE A. JUDICIAL ADMINISTRATION
CHAPTER II. UNIFORM RULES FOR THE NEW YORK STATE TRIAL COURTS
PART 202. UNIFORM CIVIL RULES FOR THE SUPREME COURT AND THE COUNTY
COURT

*22 NYCRR § 202.57 (2005)*

§ 202.57 Judicial review of orders of the State Division of Human Rights; procedure

(a) Any complainant, respondent or other person aggrieved by any order of the State Commissioner of Human Rights or the State Division of Human Rights may obtain judicial review of such order by commencing a special proceeding, within 60 days after service of the order, in the Supreme Court in the county where the alleged discriminatory practice which is the subject of the order occurred or where any person required by the order to cease and desist from an unlawful discriminatory practice or to take other affirmative action resides or transacts business. Such proceeding shall be commenced by the filing of a notice of petition and petition naming as respondents the State Division of Human Rights and all other parties appearing in the proceeding before the State Division of Human Rights.

(b) Except as set forth in paragraph (c), and unless otherwise ordered by the court, the State Division of Human Rights shall have 20 days after service of the notice of petition and petition to file with the court the written transcript of the record of all prior proceedings upon which its order was made.

(c) Where the petition seeks review of an order issued after a public hearing held pursuant to *section 297(4)(a) of the Executive Law*:

(1) the petition shall have annexed to it a copy of such order;

(2) the Supreme Court, upon the filing of the petition, shall make an order directing that the proceeding be transferred for disposition to the Appellate Division in the judicial department embracing the county in which the proceeding was commenced; and

(3) the time and manner of the filing of the written transcript of the record of all prior proceedings shall be determined by the Appellate Division to which the proceeding is transferred.

Statutory authority: Judiciary Law, Art. 2

HISTORY:

Added 202.57 on 1/06/86.

EXHIBIT A

The address and telephone number in the Division's records for Respondent is:

> **Marsh & McLennan Companies, Inc.**
> **Attn: Phillip Perry, Employee Relations Specialist**
> **1166 Ave. of the Americas**
> **New York, NY 10036**
> **(212) 345-5000**
>
> **Guy Carpenter & Company, LLC**
> **Attn: Phillip Perry, Employee Relations Specialist**
> **1166 Avenue of the Americas**
> **New York, NY 10036**
> **(212) 345-0089**

I hope this information is helpful to you.

Very truly yours,

Caroline J. Downey
General Counsel

CJD/tjr

103 B

*EXHIBIT-A*



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

DEIVASIGAMANI GURUSWAMY,

Complainant,

v.

MARSH & MCLENNAN COMPANIES, INC., GUY
CARPENTER & COMPANY, LLC,

Respondents.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10159640

---

Federal Charge No. 16GB301451

On 1/23/2013, Deivasigamani Guruswamy filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of age, creed, national origin, race/color, sex in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondents have engaged in or are engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The investigation revealed insufficient evidence that the Complainant was discriminated against by the Respondents based on employment because of age, creed, national origin, race/color, sex.

The investigation revealed that the Complainant, who is a 48 year old (d.o.b. 04/20/1964) Asian male of Indian national origin, dark complexioned, and Hindu, began working for the Respondents in 2004 as a Senior Systems Architect in the Respondent's IT Department. The Complainant ceased working for the Respondents effective April 30, 2006 after the Complainant executed a Severance and Release Agreement with the Respondent.

The Complainant asserted that the Respondents have stalled his attempts to obtain employment with prospective employers post-separation because the Human Resources and IT staff would not verify the Complainant's employment to the prospective employers. The

EXHIBIT-A

Respondents denied that it discriminated against the Complainant and avers that a third party employment verification system, The Work Number, is the entity that validates employment information to prospective employers.

The investigation revealed that the Complainant failed to refute the claim that requests for employment verification for former employees are handled by a third party system, called The Work Number. In fact, the Complainant admitted that on April 18, 2007 and on January 1, 2010, employment verification was provided by The Work Number for the Complainant to prospective employers. Furthermore, the Complainant failed to proffer evidence to support his claim that in March 2012, the Respondents did not respond to a request from a prospective employer that attempted to verify Complainant's employment with the Respondents.

The Complainant's mere belief and conclusory allegations that he was discriminated against because of his membership in different protected groups are insufficient to establish a nexus to the Respondents' actions.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Age Discrimination in Employment Act (ADEA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:        JUL 1 2 2013
              New York, New York

                         STATE DIVISION OF HUMAN RIGHTS


                    By:   _David E. Powell_____
                          David E. Powell
                          Regional Director

EXHIBIT ~ A



STATE OF NEW YORK
EXECUTIVE DEPARTMENT
**DIVISION OF HUMAN RIGHTS**
ONE FORDHAM PLAZA, 4TH FLOOR
BRONX, NY 10458

GENERAL COUNSEL

Deivasigamani Guruswamy
136 Elm Street
Cresskill, NJ 07626

07626£1807 C001

EXHIBIT - 13

July 24, 2013

To

Mr. David E. Powell
Regional Director
New York State Division of Human Rights
163 West 125th Street, Room 401
New York, NY 10027

Re:  Deivasigamani Guruswamy v. Marsh & McLennan Companies, inc.,
Guy Carpenter & Company LLC
Case Nos.  10159633 and 10159640

NEW YORK STATE DIVISION OF HUMAN RIGHTS   DETERMINATION APPEAL
Federal Charge No: 16GB301451

Dear Mr. Powell:

I was in receipt of the letter on July 17 2013 stating that there was "no probable cause" to believe that the respondents have engaged in or engaging in the unlawful discriminatory practices.

I appeal to reinvestigate the case on account of the following reasons:

As I had stated in my complaints some of the evidence of discrimination and harassment while I was in employed with Guy Carpenter & Company LLC are reported and in correspondence of the Guy Carpenter Human Resources Archive.  Has these evidences reviewed and investigated by the NYSDHRC?  And was any information confirming to the evidence submitted gathered from my witness ex-Guy Carpenter CIO Mr. Paul Fox?

Regarding the post-separation discrimination and harassment by Guy Carpenter there are two aspects one is employment verification and another job reference.  In the letter you state that the complainant admit that on April 18, 2007 and January 1, 2010 employment verification was provided by the Work Number to the prospective employers.  I did not admit that.  I stated to the investigator Mr. Glenn Nichtenhauser as in the April 12, 2013 letter addressed to you that the verification request was initiated by me through work number website for non-employment purposes and not for any employer.  The request was not for a prospective employer as the attachment of proof will reveal.  Please refer to the April 12, 2013 respondent rebuttal letter enclosures.

It has been an industry practice that former employees get employment verification and job reference from their previous employers.  If either or both have not been provided to a former employee which

results in an ongoing unemployment situation then it is a discriminatory practice of the employer as is the case of Guy Carpenter.   In my April 12, 2013 letter I mentioned that I will be able to send the contact details of ex-Guy Carpenter employees who availed the normal employment verification through HR and job reference.  Following are the list of former Guy Carpenter employees that can be interviewed by phone for their experience on post-Guy Carpenter employment verification and job reference.

1. Mr. Sriram Jayaraman      (973)760-8352 (cell)   (732)424-3667
2. Mr. Neal Brandi            203-691-1991 (cell) 203-230-8458
3. Mr. Paul Fox               206-218-7297

There was a witness list of the names and contacts of the potential employers where final interviews or job offers stalled was provided to Mr. Glenn Nichtenhauser for investigation.

I pray that the case is reopened and investigated when more evidences will come to light to ascertain my complaint of discrimination and harassment since 2006.

Thank you very much for your consideration.


Respectfully Submitted,


Deivasigamani Guruswamy
Complainant

136 Elm Street
Cresskill NJ 07626
Tel : 201-541-7596

EXHIBIT-C.

May  27 2013

To

Mr. Glenn Nichtenhauser
Human Rights Specialist I
New York State Division of Human Rights
163 West 125th Street, Room 401
New York, NY 10027

Re:  Deivasigamani Guruswamy v. Marsh & McLennan Companies, inc.,
Guy Carpenter & Company LLC
Case Nos.  10159633 and 10159640

Dear Mr. Nichtenhauser

As per our telephone conversation on May 7, 2013 I have listed the Witness contact number Mr. Paul Fox.  Mr. Paul Fox is ex–CIO of Guy Carpenter and his telephone contact number is **206-218-7297.**  He was Mr. Arthur Fuege supervisor when I was working in Guy Carpenter. Another witness Mr. Neal Brandi who was in similar functional role as me who reported to Mr. Paul Fox is not reachable and Mr. Sriram Jayaraman is hesitant to be contacted as he feels he does not want to witness against Guy Carpenter as he works in the reinsurance industry where Guy Carpenter services his clients.

List of Potential Employers with contact information where the final stages of interview or final offer (for full time employment) fizzled when no explanation from them was forthcoming to the reason not to hire.  Please note my name in contact will be Mani Guruswamy.  Application forms filled will have my full Name as Deivasigamani Guruswamy.

|   | Company or Firm | Period of interviews & Final Stage | Place of Interview/ Job location | Contact Number | Contact Person/Dept. |
|---|---|---|---|---|---|
| 1 | Merill Lynch | April 2006 | Jersey City,NJ | (201) 946-4000 | Human Resources |
| 2 | Citibank (2 final interviews) | May,Sep,Nov 2006 | 111 Wall St New York, NY | (212) 559-1000 | Human Resources |

| 3 | Credit Suisse | May,June 2006 | New York ,NY | 212 325 2000 | Human Resources |
|---|---|---|---|---|---|
| 4 | Guardian Life (2 final interviews) | May-June2006 Dec 2006-Jan 2007 | 7 Hanover Square, 15-G New York, NY 10004 | 212-598-1646 212-919-2351 | Human Resources Mr. Mentha Marley Mr. Stephen Mahoney |
| 5 | Christies | Dec 2006, Jan 2007 | Rockefeller Center at 1230 6th Ave | 212-636-2632 | Human Resources Simon |
| 6 | Morgan Stanley | Aug – Dec 2007 | 1585 Broadway New York, NY 10036 | 1 212 761 4000 | Human Resources |
| 7 | Project Management Solutions inc. | Jan 2010 | Telephone/ US Consulting | 800.983.0388 | Human Resources Deborah Bigelow Crawford |
| 8 | Horizon Blue Cross Blue Shield | May-Dec 2010 | Newark, NJ | 973-466-6153 | Human Resources Louise Utzinger |
| 9 | Knowledgent Group inc. | Jan-Mar 2012 | Warren NJ | 908-542-4200 | Human Resources Cindy M |

Respectfully Submitted,

Deivasigamani (Mani) Guruswamy
Complainant
Address:
136 Elm St
Cresskill NJ
07626
Tel : 201-541-7596

*EXHIBIT — C*

May  27 2013

To

    Mr. Glenn Nichtenhauser
    Human Rights Specialist I
    New York State Division of Human Rights
    163 West 125th Street, Room 401
    New York, NY 10027

    Re:  Deivasigamani Guruswamy v. Marsh & McLennan Companies, inc.,
            Guy Carpenter & Company LLC
            Case Nos.  10159633 and 10159640


Dear Mr. Nichtenhauser

As per our telephone conversation on May 7, 2013 I have listed the Witness contact number
Mr. Paul Fox.  Mr. Paul Fox is ex–CIO of Guy Carpenter and his telephone contact number is
**206-218-7297**.  He was Mr. Arthur Fuege supervisor when I was working in Guy Carpenter.
Another witness Mr. Neal Brandi who was in similar functional role as me who reported to Mr.
Paul Fox is not reachable and Mr. Sriram Jayaraman is hesitant to be contacted as he feels he
does not want to witness against Guy Carpenter as he works in the reinsurance industry where
Guy Carpenter services his clients.

List of Potential Employers with contact information where the final stages of interview or final
offer (for full time employment) fizzled when no explanation from them was forthcoming to the
reason not to hire.  Please note my name in contact will be Mani Guruswamy.  Application
forms filled will have my full Name as Deivasigamani Guruswamy.

|   | Company or Firm | Period of interviews & Final Stage | Place of Interview/ Job location | Contact Number | Contact Person/Dept. |
|---|---|---|---|---|---|
| 1 | Merill Lynch | April 2006 | Jersey City,NJ | (201) 946-4000 | Human Resources |
| 2 | Citibank (2 final interviews) | May,Sep,Nov 2006 | 111 Wall St New York, NY | (212) 559-1000 | Human Resources |

| 3 | Credit Suisse | May,June 2006 | New York ,NY | 212 325 2000 | Human Resources |
|---|---|---|---|---|---|
| 4 | Guardian Life (2 final interviews) | May-June2006 Dec 2006-Jan 2007 | 7 Hanover Square, 15-G New York, NY 10004 | 212-598-1646 212-919-2351 | Human Resources Mr. Mentha Marley Mr. Stephen Mahoney |
| 5 | Christies | Dec 2006, Jan 2007 | Rockefeller Center at 1230 6th Ave | 212-636-2632 | Human Resources Simon |
| 6 | Morgan Stanley | Aug – Dec 2007 | 1585 Broadway New York, NY 10036 | 1 212 761 4000 | Human Resources |
| 7 | Project Management Solutions inc. | Jan 2010 | Telephone/ US Consulting | 800.983.0388 | Human Resources Deborah Bigelow Crawford |
| 8 | Horizon Blue Cross Blue Shield | May-Dec 2010 | Newark, NJ | 973-466-6153 | Human Resources Louise Utzinger |
| 9 | Knowledgent Group inc. | Jan-Mar 2012 | Warren NJ | 908-542-4200 | Human Resources Cindy M |

Respectfully Submitted,

Deivasigamani (Mani) Guruswamy
Complainant
Address:
136 Elm St
Cresskill NJ
07626
Tel : 201-541-7596

EXHIBIT - C -

April 12, 2013


Mr. David E. Powell
Regional Director
New York State Division of Human Rights
163 West 125th Street, Room 401
New York, NY 10027

> Re: Deivasigamani Guruswamy v. Marsh & McLennan Companies, inc.,
>      Guy Carpenter & Company LLC
>      Case Nos. 10159633 and 10159640


Dear Mr. Powell:

Complainant Deivasigamani Guruswamy submits this response known as "rebuttal" to the March 8, 2013 response of Respondent of Guy Carpenter & Company, LLC.("the Company" or "Guy Carpenter").

In their response, Guy Carpenter responds that my claims are without merit, but on the contrary I would like to state my facts and arguments that would seek further investigations from the New York State Division of Human rights ("NYSDHR") and will prove my claims are legitimate and valid.

Following are my rebuttals in the same sequence as in the Guy Carpenter response:

## I. Background

Guy Carpenter Claims that during my employment I have never complained of discrimination and harassment to anybody. That is not correct. I complained of the discrimination and harassment by Mr. Shamith Hamid to my Manager Mr. Arthur Fuege and others (Mr. Neal Brandi) in the Company. Regarding the discrimination and harassment of Mr. Arthur Fuege (who was my boss) was not reported as I was not aware of the Guy Carpenter HR Policies; otherwise I would have followed the procedure to complain. Guy Carpenter now states with page numbers of HR policies, but they never provided me a copy of any of those policies, and never trained me or told me about their anti-harassment and anti-discrimination policies.

## II. Facts

Guy Carpenter states my role as a Senior Systems Architect with the job responsibilities. I was hired as a Senior Systems Architect role with AVP Officer Title (see employment letter, complaint attachment 6a). The job responsibilities were not provided to me before or during my employment. Even with those responsibilities (which I am seeing for the first time in Guy Carpenter's response) I was made to report to a less experienced person Mr. Shamith Hamid who had a role as a senior developer which in IT industry organization even though his position is lower in experience and scope than my position as a

Senior Architect. Another person Mr. Neal Brandi who had a role as Senior Architect was reporting to the CIO of the IT Department.   As mentioned earlier in my complaint it was discovered recently that the experience and educational qualifications of Mr. Arthur Fuege were comparable or less than my overall years of experience, educational qualifications, several management roles (Senior Director,  Senior Manager in firms equal or bigger than Guy Carpenter, complaint attachment 6).

Before I joined Guy Carpenter, the whole IT department had been on an IT transformation and a IBM SOA platform software training for over a year.   When I joined in July 2004 there were no working models or proofs of roadmap of IBM design under Mr. Shamith Hamid and I had not undergone the IBM SOA training.  I had to start parts of the missing transformational solutions with Security Strategy and Planning and overall IT Plan which gave the guidance to the IT transformation Strategic plan which was well acknowledged and appreciated by the CIO Mr. Paul Fox and Mr. Neal Brandi another senior Architect (Attachment 5).  But then the development was facing challenges on IBM design under Mr. Shamith Hamid and IT resources that had undergone a year's training were not confident to deliver it. So IT Management decided to change the vendor from IBM to Oracle BEA.

The CIO Mr. Paul Fox, after coming across my professional credentials, high level vision and strategic planning skills was interested in me and remarked that I had five star credentials which were openly acknowledged by him and told Mr. Arthur Fuege.  This I presume had led Mr. Arthur Fuege to adapt discriminatory practices like remarking on my first few days in office  after my stomach surgery there goes again the heart pacer alarms (meaning I was sick and old) when my cell phone beeped.  He did not provide me the requested meeting time to discuss and required resources to carry on with my work plan that was presented and approved.  He assigned me to report to Mr. Shamith Hamid who assigned low level staff work such as some low level design duties, programming and test plan work (which was not my job related functions) and harassed me with discriminatory practices in not allowing me attend invited meetings by business managers, keeping tabs of who I am talking and communicating to etc. Even my August 2005 email request to Mr. Paul Fox CIO for a presentation of new emerging areas in IT and my suitability for a change of role, the approval for meeting was denied by Mr. Arthur Fuege who was apprehensive that led to more harassment. (Complaint, attachment 7)

Mr. Neal Brandi was instrumental in recommending to hire me.  During interview process, he agreed my job duties should not have programming level developer work streams, but senior architect level job functions.  The high level strategic planning, architecture and process review, coordination and overseeing of the overall architecture  was never considered for Performance review by Mr. Arthur Fuege who was detached in this domain but only considered Mr. Shamith Hamid's ill-conceived input for performance review that is without any merit or legitimacy but as a tool to demote and terminate me. In my circumstances the premise the evaluation done was ill-conceived due to the discriminatory and harassing environment and assigning wrong job duties that resulted in my demotion, unequal pay and finally termination (forced resignation).
At  an April 6, 2006 meeting, Mr.  Arthur Fuege presented an annual performance packet to me attended by Ms. Sarah Kurek, HR Manager, Mr. Shamith Hamid, Mr.  Arnie Tiango and Mr. Rich Domineeli.  I was able to review the packet only after the meeting which also contained the March 28, 2006 written counseling and was not discussed earlier as stated in Guy Carpenter response.

When I applied for unemployment in July 2006, I was in a surprise that Guy Carpenter Human Resources had claimed my departure from Guy Carpenter was voluntary contradicting the truth and forced resignation.   I had to appeal before the denial of my unemployment claim was overturned (complaint, attachment 8).  I suspect that my decision to appeal the unemployment claim denial prompted Guy Carpenter HR and Ms. Sarah Kurek to refuse to verify my employment or provide a job reference since 2006.

Please refer to the original complaint that gives evidences of discrimination and harassment towards me in the complaint which is summarize as below :

Five final job offers stalled or withered between 2006 and 2008 because of no employment reference or negative reference  from Mr. Arthur Fuege or Ms. Sarah Kurek HR  which continues till now as is not the practice  for other former employees.
A discrimination incident when Mr. Arthur Fuege requires me  to report to work during medical leave due to stomach surgey.
Lower pay and lower job duties compared to other employees performing the similar role.
Mr. Shmaith Hamid making a remark that he will send me to the country where I come from.
Mr. Shamith Hamid Harassing work environment in not allowing to attend invited meetings and threats if did attend the required invited meetings.
Mr. Shamith Hamid not providing resources  and information as required and denying meeting requests.
Mr.  Arthur Fuege lowering performance review rating as a result of an alleged misconstrued remark, not willing to discuss.
Mr. Arthur Fuege making a remark on national origin that I should have been there in 2004 Tsunami.
Mr. Arthur Fuege  denied interview when a new Guy Carpenter CIO was interested in interviewing me.

## III. Discussion

"Actions taken by an employer that disadvantage an employee for no logical reason *constitute strong evidence of an intent to discriminate"*.  Smallen v New York Univ. Supreme Court of New York, New York County July 9, 2009; *DeMarco v Holy Cross High School, 4 F3d 166, 171[2d Cir 1993]; see also Stratton v Department for the Aging for City of New York, 132 F3d 869, 879 n6 [2d Cir 1997]*

*In Faragher v City of Bocoa Raton (524 U.S. 775,118 S. Ct. 2275, 141 L. Ed. 2d 662 [1998]) and Burlington Indus., Unc. V Ellertq (524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633[1998]),* the U.S Supreme Court held that, in cases in which a hostile work environment has not resulted in a "tangible employment action," such as a demotion, a cut in pay, or a termination, a defendant may raise an affirmative defense "to liability or damages" by showing a preponderance of the evidence."  This defense does not apply here since I was forced to resign as a result of Guy Carpenter's discriminatory practices.

## A.  No Inappropriate Conduct Reported

As mentioned in the earlier sections, complaints of harassment of Mr.Shamith Hamid were reported to the IT Manager many times Mr. Arthur Fuege and others (Mr. Neal Brandi) in the Company.   A verbal

and written complaint as part of performance review was provided and should be in the HR File. And discriminatory complaints of Mr. Arthur Fuege was not reported as HR policies on reporting of Managers were not published or made available to me during my employment.

## B. Severance & Release Agreement

At an April 6, 2006 meeting, Mr. Arthur Fuege said since my job performance was beyond the scope of what was required they were giving me two options:  1. resign immediately with three months' severance pay, or 2. sign a performance improvement plan, and take the chance that they would fire me without any severance pay.    I was required to let them know my decision the next day, April 7, 2006. They never mentioned anything about signing a release if I wanted to accept the severance package.  I felt that time the harassment and discrimination would continue if I opted to continue as an employee of Guy Carpenter.    Accordingly, the next day I communicated the option to resign for 3 months severance pay and outplacement services, and a verbal agreement for a reasonable employment reference from Mr. Arthur Fuege.

Nobody mentioned anything about a release or waiver on April 6 or April 7.  In fact, Guy Carpenter admitted there was no mention of the severance waiver during the April 6, 2006 or April 7, 2006 meeting.  But the April 20, 2006 severance agreement mailed to me included a waiver.  However, I did not receive any "additional consideration" in exchange for signing the waiver.  Also it was standard practice for Guy Carpenter to pay 3 months' severance and 3 month of outplacement services for an AVP title holder as myself without requiring a release (Enclosure 1).   I only received the severance Guy Carpenter had already offered me, and I had already accepted.   As a result, the waiver is not enforceable.

When I received the severance agreement from Guy Carpenter, I signed it because by that point I had already resigned, and if I did not sign it Guy Carpenter would not have paid me the severance we agreed upon.

Under New York law, an employer cannot require a release as a condition to severance the employee is already entitled to receive.   Berzin *v. W.P. Carey & Co., 293 A.D.2d 320, 321 [N.Y. App. Div. 1st Dep't 2002]* ["However, defendant breached the revised agreement when it conditioned payment of the amount it concededly owes plaintiff in severance benefits on plaintiff's surrender of his other claims. Plaintiff is entitled to those benefits under the revised agreement and did not have to provide additional consideration in the form of a waiver of his claims to obtain them"].  Likewise, according to the EEOC, whether a waiver of rights under Title VII, ADA, EPA, OWBPA was "knowing and voluntary?," a valid severance release waiver must be supported by consideration in addition to that to which the employee already is entitled, which was not done in my termination and severance waiver.    Accordingly, the waiver is unenforceable.

Aside from that, the negative job references occurred after I signed the release, and therefore my claims based on the negative job references could not possibly have been waived by the release.

## C. Non-discriminatory Employment Verification

"Actions taken by an employer that disadvantage an employee for no logical reason constitute strong evidence of an intent to discriminate".

Guy Carpenter states that July 24, 2007 evidence does not show that Guy Carpenter employee Ms. Sarah Kurek made a discriminatory response. On the contrary, the Agency report clearly states that as per Ms. Sarah Kurek request in writing the agency sent many written inquires for employment verification and no response was received by the agency which is clearly discriminatory as it is not practice for other employees.

As far as I have checked with former employees, they have said they get reference and employment verification from former managers, HR and other peers through normal telephone and written correspondence.  Upon request, I can provide you the names of employees who I believe will confirm this.

Also the April 18, 2007 and January 1, 2010 Work Number was initiated by me through their website for non-employment purposes (Enclosure 2).  So this proves that from Guy Carpenter admission that from their records that there was no other employment verifications through Work number except the those two, proving that most employers before making an offer prefer to do a preliminary employment verification through telephone or written correspondence and not through third party verification agencies like Work Number as stated by Guy Carpenter .  During most in-person interviews employment application forms requires information of past employer's supervisor and HR names with telephone contact numbers.  And I had  provided Mr. Arthur Fuege and Guy Carpenter contact telephone numbers in the potential employer application forms and I believe the final offers which were stalled was because of no employment or negative reference from Guy Carpenter.

In my situation my numerous calls to Mr. Arthur Fuege and Ms. Sarah Kurek in 2006 and 2007 about any employer verification and reference had given me a response from them that no one had contacted them which is far from the truth.  After several hundreds of interviews to senior level positions I was qualified and selected in 2006 and 2007, and my 5 final offers from potential employers stalled or withered because of no response to employment reference and verification by Guy Carpenter.  There were offers in 2010 which withered because of no response to employment reference by Guy Carpenter.

## D.  Time Barred

As per U.S. Courts for Appeals for the Second Circuit, under the discovery rule, "a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." See *Kronisch, 150 F.3d at 121 (quoting Guccione v. United States, 670 F. Supp 527, 536 (S.D.N.Y, 1987))*. Plaintiffs first argue that the limitations period should have been equitably tolled because defendants fraudulently concealed the wrong.

the Company's HQ New York Offices either for workshops, presentations, meetings, local office shutdown, etc ., and the NY HQ was more like another home office for practical purposes.

## F. Conclusion

*Elerth, 524 U.S. at 765; Faragher, 524 U.S. at 807 Administrative Code  8-107(13)* provides as follows:

"An employer shall be liable for an unlawful discriminatory practice based upon conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

     1) the employee or agent exercised managerial or supervisory responsibility;

     2) the employer knew of the employee's or agent's discriminatory conduct, and in acquiesced in such conduct or failed to make immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility;

     3)the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

My arguments with legal reference and trail of evidence point that Mr. Shamith Hamid with supervisory responsibility and Mr. Arthur Fuege with Managerial responsibility exercised discriminatory acts and harassing work environment.  This was known to both of them and by the above legal reference to US and NY law makes Guy Carpenter liable for unlawful discriminatory practices.

When I was proceeding to seek out employment after coming out from Guy Carpenter in April 2006, Mr. Arthur Fuege and Ms. Sarah Kurek HR with managerial responsibility did not follow the standard employment reference that was provided to other former employees, but refrained from providing to potential employers and misrepresented to me that no one had approached them, which is a discriminatory practice that has resulted in ruining my professional career and void of income for last 7 years.  Guy Carpenter should be made liable for this discriminatory practice.

 For the reasons and evidences presented I request the Division of Human Rights to investigate the claims which I believe is proved to be legitimate and valid.  Thank you very much for your consideration.

Respectfully Submitted,

Deivasigamani Guruswamy
Complainant


Enclosures

1) In August 2004 Stomach surgery was performed for me. The Surgeon gave 5 weeks of medical leave after hospital release. Because of Arthur Fuege' pressure to report to work I had to start work within couple of weeks after surgery. (Please see Doctor's medical leave and my start of work in an email by Neal Brandi about my outstanding work in attachments 5)

2) I was hired in July 2004 as a Sr Architect, AVP by Arthur. The salary offered was $110,000 a year (attachments 6a) which was lower by 40% of my previous full time employed salary at Reuters($160,000 per year in year 2000, attachments 6a) and much lower than the market salary at that time. (Guy Carpenter Job Application attachment 6). Another person Neal Brandi who was hired earlier at a similar role was at much higher salary reporting to the CIO. The reason given by Arthur Fuege at that time was his department budget constraint and that in future my compensation will be adjusted. Although I performed well and acknowledged by Neal Brandi and CIO I was not promoted or adjusted to the correct position and salary.

3) I was assigned by Arthur Fuege to work for Shamith Hamid who was on a work visa(much junior to me in experience and knowledge) who was a developer ( a junior role compared to a Sr Architect). He perceived me as a threat and was harassing me. He even abused me to the extent and remarked in August 2004 he will send me back to the country I came from. He threatened me not to attend meetings when there was an invite from business manager and senior management. In short a total harassment, abuse and discrimination towards me and made my work environment harassed and I was doing lower staff level tasks. When mentioned to Arthur in April 2005 there was no response. Shamith Hamid even stalked me kept tab on me to who I was talking and communicating. The reason I did not report these immediately was not to be perceived as a trouble maker. I mentioned to Neal about some of Shamith's hostile and discriminatory behavior towards me in January 2005.

4) In December 2004 Tsunami's tragic lives lost in India and South East Asia, Arthur remarked you guys also should have been there in Tsunami, in a racial mean tone.

5) End of year December 2004 the department and personal goals by Arthur were provided to me and within 3 month s April 2005 annual performance review was done. The rating was purposely given lower as this was a feedback by Shamith Hamid. Arthur's area was in systems operations and production execution and so not involved in my architecture and evaluation activities at all. Arthur did not explain my average rating but commented that it was due to an alleged derogatory remark on Shamith as reported by Shamith. The alleged derogatory remark was not on Shamith but a water cooler comment on the 911

terrorists attack on NYC and he misconstrued as a remark on him. At that time I did not discuss this alleged remark as I have seen Arthur was not listening to my previous issues.

6)  In August 2005 during an IT all group meetings, I talked to the CIO and send him an email to have a presentation on certain IT areas and a change in my role. The CIO wanted to OK it from Arthur who was my group manager, who denied my meeting with CIO and was apprehensive about my email. (Paul's email attachment 7)

7)  End of 2005 I had a request to move out of Arthur group and moved to a development group under Arnie Tiango. The development group Manager Arnie Tiango was very dependent on Shamith for his group's development workstreams and coordination. I was working independently but on the workstreams still needed inputs from Shamith Hamid as he controlled the Guy Carpenter IT systems ecology, development and operations.

8)  The annual 2005 performance review was arbitrary and everything was marked as not satisfactory and lowest performance level. Anyone who sees the review can see the malice and intention of it is to use that to fire me.
I attached a number of questions and answers to the HR and Arthur as part of the response and the also some of the harassment and abuses of Shamith like not providing information and materials, threat for accepting and attending meetings etc... (This should be part of my last day response in the Guy Carpenter HR record to the annual performance review)

9)  The last day which was in April 2006 morning at 9 AM I asked Arthur if I will get a good recommendation if I take the first option with severance. He said in the affirmative. Although I did not have started a job search and I was harassed and discriminated systematically in a coordinated way that if I continued I will go through worst treatment and more discrimination. So I decided for the first option. We had a phone conference with Sarah Kurek and I communicated with them of the first option. Sarah said she will work on the severance payment option. I also handed the performance review and my response attachments to Arthur. I remarked to Arthur that I will look for a appropriate management job.

10) I received the severance waiver form by mail from Sarah kurek which was not at all discussed or mentioned at the meeting. I thought at the time that was a standard procedure and wanted to get over the discrimination aggravation from my mind and start a new job soon. I did not review with a lawyer about the situation and I signed the severance and proceeded in May 2006 to seek a new job.

11) When I applied for NJ state unemployment in July 2006, I was in a surprise that Guy Carpenter Human Resources had informed the NJ State that my departure from Guy Carpenter was voluntary contradicting the truth and severance agreement. I had to appeal to the NJ State with facts that the Guy Carpenter unemployment claim denial request was overturned. (attachments 8)

12) A recruiter solicited a Chief Architect position to me in September 2008 which was a good fit and happened to be in Guy Carpenter IT reporting to the new CIO of the Guy Carpenter who was interested in my profile. I was told by the recruiter that Arthur Fuege had prevented me from being interviewed by the new CIO. The email trail and the position description is attachment 9.

13) After coming out of Guy Carpenter I came to know that I had higher educational qualifications and two decades of a sought after IT experience which was at the highest band in that IT department and they were averse to me being solicited initially by the CIO of the IT group. My academic ranking in undergraduate B.E(Hons) Electrical and Electronics Engineering was CGPA 8.75/10.0 (within top 5%) and 3.75/4.0 (within top 3%) in graduate level Master of Technology Management program. I was quite accomplished in previous jobs with good achievements and recommendations. (University degrees and some of the professional certifications as attachments 10.)

I had a number of job offers in 2006 and 2007 total salary package of $195,000 and consulting positions in 2008/2010 with a consulting rate at or above $100/hour. (Attachment 3 & Attachment 4) These did not materialize due to the possible non-response return of job reference query by Sarah Kurek and Arthur Fuege when contacted by potential employers. When I contacted Sarah Kurek and Arthur Fuege even after a referral agency had contacted them they responded to me that no had contacted me for my employment reference. I could only prove by the statements of the referral agencies (attachments) that their discriminatory behavior likely happened at the time a potential employer sought my employment reference or my information.

And now for last 6.8 years I am without a job and any income and as a result my life (which includes financial, emotional and social aspects) and my professional career have been ruined. I come from a respectable and successful family background that this many episodes of rejections during final stages of job search process and unemployable status without income has caused innumerable difficulties and grief to me and my family. I am married and have two children and the elder daughter is a freshman in a college.

EXHIBIT —D.

## NOTARIZATION OF THE COMPLAINT

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your full legal name

HENRIETTA S. BROWNING
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/15/2013

Subscribed and sworn before me
This 18th day of July , 20 1 2
_____
Signature of Notary Public

County:                     Commission expires:
Bergen                      10/15/2013

**Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.**

*EXHIBIT-D.*
*Attachment 1*

# GVS International

Pre-Employment Screening & Professional Background Checks
gvsinternational.com

## Confidential Professional Level Reference Report

| | | | |
|---|---|---|---|
| **Reference Subject:** | Mr. Mani (Deivasigamani) Guruswamy | **Reference Checked:** | Mrs. Sarah Kurek<br>SVP HR Manager<br>Guy Carpenter |
| **Client SSN:** | | | |
| **Position Held:** | Sr Architect AVP | **Ref. Contact Info:** | Guy Carpenter & Co<br>One Madison Ave<br>New York, NY 10010 |
| **Dates of Employment:** | 07/2004- 04/2006 | | |
| **Reason Client Left This Job:** | Severance/Forced to resign | | Phone: 9179373000<br>Alt: 9179373289/201.284.5000<br>Fax: 9179373500<br>Email: |
| **Position for which they're being considered:** | | | |

## Reference-Letters.com Report Information:

| | | | |
|---|---|---|---|
| **Title Confirmed?** | | **Date Completed:** | 3/27/2012 |
| **Dates of Emp. Confirmed?** | | **Consultant:** | Sue Kallgren |
| **Eligible for re-hire?** | SB | | |

## Additional Notes and Comments:

We are not getting a response. Must close report and discontinue calling.
3/26 Now calling Marsh & McLennan Companies at 212-345-5000. Called and receptionist Betty answered and forwarded me to Sarah Kurek's voicemail. Did leave a message.