UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DEIVASIGAMANI GURUSWAMY,

       Plaintiff,

       -v-                                    No.  13-CV-7598-LTS-GWG

MARSH & MCLENNAN COMPANIES, INC. et al.,

       Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

       Plaintiff, Deivasigamani Guruswamy ("Plaintiff"), brings this action against Defendants Marsh & McLennan Companies, Inc. and Guy Carpenter & Company, LLC ("Guy Carpenter") (collectively, "Defendants"), asserting (1) a claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) a claim pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) a claim pursuant to the New York State Human Rights Law ("NYSHRL"); and (4) a claim pursuant to the New York City Human Rights Law ("NYCHRL"). Plaintiff alleges that he was subjected to discriminatory conduct while he was employed at Guy Carpenter and after his resignation from the company.  The Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

       Plaintiff initially dual-filed his complaint with the New York State Division of Human Rights ("NYSDHR") and Equal Employment Opportunity Commission ("EEOC"). Following an investigation, the NYSDHR found no probable cause to hold Defendants liable for discriminatory conduct against Plaintiff.  The EEOC adopted the findings of the NYSDHR as its own.  Plaintiff then filed the instant action, requesting that the Court overturn the administrative finding of no probable cause and find Defendants liable for discriminatory conduct.

Defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint. The Court has carefully reviewed all of the parties' submissions. For the following reasons, the Court grants Defendants' motion to dismiss Plaintiff's NYSHRL and NYCHRL claims for lack of subject matter jurisdiction and denies, in its entirety, Defendants' motion to dismiss Plaintiff's Title VII and ADEA claims as time-barred.

## BACKGROUND

Plaintiff began working for Guy Carpenter on July 19, 2004 as a Senior Systems Architect in the company's Information Technology ("IT") Department under the supervision of Arthur Fuege. (Weber Decl. Ex. A (Fuege Decl.) at ¶ 5.) Plaintiff is a male of Indian national origin. (Pl.'s Compl. ¶ 8.) He is also of the Hindu faith. (Id.) Plaintiff was 48 years old when he commenced this action. (Id.)

Plaintiff alleges that he experienced discrimination while employed at Guy Carpenter & Company on the following occasions: August and December 2004, January and April 2005, and April 2006. Plaintiff further alleges that he experienced discrimination following his resignation in July, September, October, and December 2006; January, March, June, July, and December 2007; January, 2008; and other occasions during the years 2008 through 2011, with the final alleged discriminatory act occurring on March 27, 2012. (Id. at 6, 9-10.)[1]

---

[1] The complaint filed January 22, 2014 with the NYSDHR, included in Plaintiff's supplemental submission dated July 21, 2014, states that the most recent act of discrimination occurred on March 27, 2012. Plaintiff's opposition to Defendants' motion to dismiss states that the last incident of discrimination instead occurred on March 26, 2012. For the purposes of this motion, the Court treats March 27 as the last date of discriminatory conduct. The filing deadline is the same, because the last day of the 300-day period fell on a holiday weekend, and the deadline was extended to the next business day. See Fed. R. Civ. P. 6(a), discussed infra.

Plaintiff filed two administrative complaints asserting his claims under Title VII, ADEA, NYSHRL, and NYCHRL. These complaints were dated January 22, 2013 ("January 22 EEOC Complaint"), and January 23, 2013 ("January 23 EEOC Complaint"). Both were dual-filed with the NYSDHR and the EEOC. The January 23 EEOC Complaint was labeled NYSDHR Case # 10159640 and EEOC Charge # 16GB301446. In his sur-reply on this motion practice, Plaintiff provided documentation of his January 22 EEOC Complaint, labeled NYSDHR Case # 10159633 and EEOC Charge # 16GB301451.

The NYSDHR conducted an investigation of the alleged incidents. (Compl. Ex. A ("Determination And Order After Investigation").) After the investigation and review of related information and evidence presented by the named parties, the agency determined that there was no probable cause to believe Defendants had engaged in or were engaging in an unlawful discriminatory practice. (Id.) The agency found that there was insufficient evidence of discrimination based on Plaintiff's age, creed, national origin, race/color, or sex. (Id.)

## DISCUSSION

Plaintiff's NYSHRL and NYCHRL Claims

Defendants move to dismiss Plaintiff's third and fourth claims, asserted pursuant to the NYSHRL and NYCHRL, respectively, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1).

Defendants argue that Plaintiff is precluded from litigating claims under the NYSHRL and NYCHRL in federal court because he elected to pursue those claims in an

administrative forum.  "[B]y the terms of the statute and code, respectively, the NYSHRL and [NY]CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court."  See York v. Ass'n of the Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002).  "Furthermore, once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of State of New York."  Id.  (citing N.Y. Exec. Law § 298.)

Here, Plaintiff filed a complaint containing claims of discrimination pursuant to the NYSHRL and NYCHRL with the NYSDHR.  The NYSDHR conducted an investigation into Plaintiffs' claims and found that there was "no probable cause to believe that [Defendants] engaged in the unlawful discriminatory practice complained of."  (Weber Decl., Ex. B at 18.) Because Plaintiff elected to pursue his claims under the NYSHRL and NYCHRL in an administrative forum – the NYSDHR – this Court does not have jurisdiction to hear those claims in a plenary action.  Furthermore, Plaintiff may appeal the NYSDHR's determination only to the Supreme Court of the State of New York, not the United States District Court.  See York, 286 F.3d at 127.  Plaintiff's NYSHRL and NYCHRL claims are, accordingly, dismissed for lack of subject matter jurisdiction.

Plaintiff's Federal Claims

Defendants move to dismiss Plaintiff's first and second claims, asserted pursuant to Title VII and the ADEA, respectively, under Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiffs' favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

The court will "give particular latitude to complaints prepared by pro se plaintiffs, which are held to less stringent standards than formal pleadings prepared by lawyers." Wade v. City of New York, 2012 WL 1788146 at *2 (S.D.N.Y. May 16, 2012) (internal quotation marks and citation omitted). As a result, pro se complaints should be construed liberally and interpreted "to raise the strongest arguments that they suggest." Id. (quoting Knight v. Keane, 247 F. Supp. 2d 379, 383 (S.D.N.Y. 2002)); Clavizzao v. United States, 706 F. Supp. 2d 342, 346 (S.D.N.Y. 2009). Pro se plaintiffs must, however, plead "enough facts to state a claim to relief that is plausible on its face." Id. (internal quotation marks and citation omitted). Although the court is generally limited in deciding a 12(b)(6) motion to reviewing the facts set forth in the complaint and documents attached thereto or incorporated by reference, to offer pro se litigants the greatest latitude, the court may also consider the facts that a pro se plaintiff asserts in response to a defendant's motion to dismiss. Id.; Chambers v. Time Warner, Inc., 282 F.3d 147, 152-55 (2d Cir. 2002).

Defendants' motion to dismiss the federal claims is premised solely upon the argument that Plaintiff's Title VII and ADEA claims are untimely. "In New York, a charge of discrimination under either [Title VII or the ADEA] must be filed with the EEOC within 300 days of the alleged discrimination." Brown v. Columbian Mut. Life Ins. Co., 2013 WL 5525679 at *1 (E.D.N.Y. Oct. 3, 2013); see 42 U.S.C. § 2000e-5(e); 29 U.S.C. §§ 626(d), 633(b); Flaherty v. Metromail Corp., 235 F.3d 133, 136 (2d Cir. 2000). Federal Rule of Civil Procedure 6(a) provides, in relevant part:

> The following rules apply in computing any time period specified in these rules . . . or in any statute that does not specify a method of computing time.
>
> (1) Period Stated in Days or a Longer Unit.
>     When the period is stated in days or a longer unit of time:
>     (A) exclude the day of the event that triggers the period;

> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Thus, where a filing deadline falls on a Saturday, Sunday, or legal holiday, Rule 6(a) extends the filing deadline to the next business day. See Kane v. Douglass, Elliman, Hollyday & Ives, 635 F.2d 141, 142 (2d Cir. 1980) (reversing district court's dismissal of Title VII claim as time-barred because where the EEOC filing deadline falls on "a Saturday, Sunday, or holiday, the period does not expire until the end of the next day which is none of these three"); Bagley v. Yale University, 42 F. Supp. 3d 332, 342 (D. Conn. 2014) (applying Rule 6(a) in calculating timeliness of EEOC filing in ADEA action); see also Gardner v. Aviagen, 454 Fed. App'x 724, 727 (11th Cir. 2011) (applying Rule 6(a) in calculating EEOC filing deadline in Title VII action).

Accepting as true the facts alleged in Plaintiff's submissions, March 27, 2012, was the last incident of discriminatory conduct. As a result, the 300-day deadline fell on January 21, 2013. Because January 21, 2013, was the Martin Luther King, Jr. Day holiday, the 300-day filing period is deemed to have expired on the next business day, Tuesday, January 22, 2013.

Plaintiff's complaint in the action before this Court contains only documentation of, and references to, his January 23 EEOC Complaint. However, the Court granted Plaintiff leave to file a sur-reply and additional documentation in connection with this motion and, in the submission filed in connection with his sur-reply, Plaintiff proffered documentation of a complaint he dual-filed with the EEOC and the NYSDHR on January 22, 2013, detailing the same allegations of discrimination that were contained in his January 23 EEOC Complaint.

The Court will treat January 22, 2013, as the relevant filing date for analyzing the timeliness of Plaintiffs' filing with the EEOC. The two Complaints are substantively identical,

and the NYSDHR found the dual-filed EEOC/NYSDHR case based on the January 22 EEOC Complaint to be "a duplicate" of the dual-filed EEOC/NYSDHR case based on the January 23 EEOC Complaint (Pl.'s Supplement, Letter from NYSHDR to Deivasigamani Gurusawmy re: Case No. 10159633, Pl.'s Sur-Reply Submission, docket entry no. 28).  Additionally, Plaintiff proffers that the filing of his January 23 EEOC Complaint was intended to amend the January 22 EEOC Complaint.  (Pl.'s Supplement, docket entry no. 28).  Because January 22, 2013, fell within the statutory period, the Court finds that Plaintiff has proffered enough facts to support a determination that his federal claims were timely filed.  Accordingly, Defendants' motion to dismiss the federal claims on the basis of untimeliness is denied.

CONCLUSION

For the foregoing reasons, this Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction the claims asserted under the NYSHRL and the NYCHRL. The Court denies Defendants' motion to dismiss as time-barred Plaintiff's Title VII and ADEA claims in their entirety.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

---

[2]  Future litigation of the timeliness of specific claims is not precluded.

       This Memorandum Order resolves docket entry no. 10. This case remains referred to Magistrate Judge Gorenstein for general pre-trial management.

       SO ORDERED.

Dated: New York, New York
      March 30, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Delvasigamani Guruswamy
136 Elm Street
Cresskill, NJ 07626
201-233-8490