UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deivasigamani Guruswamy,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>Marsh & McLennan Companies, Inc./Guy Carpenter & Company, LLC; U.S. EEOC; and Division of Human Rights, State of New York,<br><br>　　　　　　　　Defendants. | Case No. 13-CV-7598 (LTS)(GWG)<br><br>**ANSWER** |

Defendants Marsh & McLennan Companies, Inc. and Guy Carpenter & Company LLC (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the Complaint ("Complaint"),[1] hereby respond as follows:

1. The allegations set forth in Paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them, except admit that the EEOC and New York State Division of Human Rights determined that there existed no probable cause to believe that Defendants engaged in discrimination with respect to Plaintiff.

2. The allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

---

[1] Only some of the paragraphs in the Complaint are numbered. In order to respond to the allegations set forth in the Complaint, Defendants numbered all the paragraphs and have attached hereto as **Exhibit A**, a copy of the Complaint showing the paragraph designations.

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, except respectfully refer the Court to the referenced document for its full form and content.

4. The allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

5. The allegations set forth in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

6. Deny the allegations set forth in Paragraph 6 of the Complaint, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "believe[s] the Division of Human Rights has failed to investigate the actions taken by the employer against me."

7. Deny the allegations set forth in Paragraph 7 of the Complaint, except respectfully refer the Court to the referenced document for its full form and content.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except respectfully refer the Court to the referenced document for its full form and content.

9. Deny the allegations set forth in Paragraph 9 of the Complaint.

10. Deny the allegations set forth in Paragraph 10 of the Complaint.

11. Deny the allegations set forth in Paragraph 11 of the Complaint.

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Deny the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Complaint.

17. Deny the allegations set forth in Paragraph 17 of the Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Complaint.

19. The allegations set forth in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

20. The allegations set forth in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

21. Dismissed as per the Court's March 31, 2015 Memorandum Order. To the extent a response is required, Defendants deny the allegations.

22. Dismissed as per the Court's March 31, 2015 Memorandum Order. To the extent a response is required, Defendants deny the allegations.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Deny the allegations set forth in Paragraph 24 of the Complaint.

25. Dismissed as per the Court's March 31, 2015 Memorandum Order. To the extent a response is required, Defendants deny the allegations.

## **AFFIRMATIVE AND OTHER DEFENSES**

26. Defendant asserts the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may

also apply to the claims of some or all of the class and/or collective of allegedly similarly situated persons.

**FIRST DEFENSE**

27. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

28. Plaintiff's claims are barred by the applicable statute(s) of limitations.

**THIRD DEFENSE**

29. Plaintiff's claims are barred, in whole or in part, because the employment actions about which he complains were taken for legitimate, non-discriminatory business reasons, and the same decision would have been made regardless of his membership in any protected category.

**FOURTH DEFENSE**

30. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint.

**FIFTH DEFENSE**

31. To the extent any Plaintiff purports to assert a claim for a hostile work environment and/or environmental harassment, the conduct complained of was neither severe nor pervasive.

**SIXTH DEFENSE**

32. Punitive damages are not an available remedy under the claims asserted in the Complaint.

**RESERVATION OF RIGHTS**

33. In addition to the foregoing defenses, Defendants reserve the right to

amend their Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff become known during this litigation.

**WHEREFORE**, Defendant requests judgment against Plaintiff with respect to his claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendant, together with costs and disbursements of the above-entitled action and any other relief the Court may deem just and proper.

/s/ A. Michael Weber

Date:  June 2, 2015
       New York, New York

A. Michael Weber
Sarah E. Moss
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendants*
  *Marsh & McLennan Companies, Inc. and*
  *Guy Carpenter & Co., LLC*