UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DEIVASIGAMANI GURUSWAMY,

       Plaintiff,

  -v-                                            No.  13 CV 7598-LTS-GWG

MARSH & MCLENNAN COS. , INC. and
GUY CARPENTER & CO., LLC,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

       Plaintiff Deivasigamani Guruswamy brought this action against Defendants Marsh & McLennan Companies, Inc. and Guy Carpenter & Company, LLC (collectively, "Defendants") alleging discrimination during and after his employment with Defendants.  This Court has subject matter jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction of Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367, to the extent such claims are not precluded by applicable state or local law. On March 30, 2015, this Court granted in part and denied in part Defendants' first motion to dismiss the Complaint.  (Docket entry no. 31 (the "2015 Opinion").)  On October 1, 2015, Plaintiff filed a First Amended Complaint with Defendants' consent.  (Docket entry no. 45, First Amended Complaint ("FAC").)  Defendants now move to dismiss the First Amended Complaint in its entirety.  The Court has carefully reviewed the parties' submissions and, for the following reasons, the motion to dismiss is granted.

BACKGROUND

The following facts are drawn from the First Amended Complaint and are taken as true for the purposes of the instant motion practice. Plaintiff, who is of Indian national origin and practices the Hindu faith, worked for Defendants from July 2004 to May 2006, when he resigned. (FAC ¶¶ 15-19.) Plaintiff alleges that he experienced discrimination during his employment (FAC ¶¶ 24-27), and that he continued to experience discrimination after his termination, when Defendants refused to provide references and other information about Plaintiff's employment to his prospective employers (FAC ¶¶ 33-38).

The Amended Complaint relates only two specific remarks indicating discriminatory animus, one of which was allegedly made in December 2004, and another for which no date is provided. (FAC ¶¶ 25-26.) Plaintiff alleges, without much specificity, that he complained about these remarks "on multiple occasions." (FAC ¶ 27.) In April 2006, Plaintiff was told that his job performance was unsatisfactory and that he could resign with severance pay, or be placed on an improvement plan and risk termination without severance. (FAC ¶ 28.) Plaintiff chose to resign. (FAC ¶ 29.)

Plaintiff alleges generally that, after he resigned, he was unsuccessful in obtaining new employment. (FAC ¶¶ 34-35.) Plaintiff further alleges, also generally, that he was denied employment only after his prospective employers "check[ed] his references," including Defendants. (FAC ¶¶ 20, 34-35.) Plaintiff alleges that, at an unspecified time, he received one report showing that Defendants' Human Resources Manager did not respond to a reference request. (FAC ¶ 21.) Plaintiff does not identify any other specific actions or incidents of alleged retaliation or discrimination following his resignation other than an allegation that, on March 27, 2012, one of Plaintiff's prospective employers contacted Defendants for information about

Plaintiff, Defendants refused to provide any information, and Plaintiff did not receive a job offer as a result. (FAC ¶ 36.)

Plaintiff filed two administrative complaints with the New York State Division of Human Rights (NYSDHR) and the federal Equal Employment Opportunity Commission ("EEOC"), asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (See 2015 Opinion, at 3.) The NYSDHR conducted an investigation of Plaintiff's allegations, and determined that there was no probable cause to believe that Defendants had engaged in, or were engaging in, an unlawful discriminatory practice. (Id.)

Plaintiff then brought this action, filing a pro se form Complaint alleging violations of Title VII, the ADEA, NYSHRL, and NYCHRL. (Docket entry no. 2.) In the 2015 Opinion, this Court dismissed Plaintiff's NYSHRL and NYCHRL claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because, under applicable state and local law, Plaintiff's decision to bring his case before the NYSDHR precludes relitigation of those same claims in this Court. (2015 Opinion, at 4.) The Court denied Defendants' motion to dismiss the Title VII and ADEA claims on statute of limitations grounds, finding that the NYSDHR and EEOC charge was timely filed because one of the acts complained of had occurred within the relevant 300-day time frame. (Id. at 6-7.) The decision did not, however, preclude litigation of the timeliness of specific claims. (Id. at 7 n.2.)

Plaintiff thereafter obtained counsel and filed the FAC, reasserting discrimination and retaliation claims solely under Title VII and the NYCHRL. Defendants now move to dismiss the FAC.

DISCUSSION

The NYCHRL Claim

   This Court previously dismissed Plaintiff's NYCHRL claim for lack of subject matter jurisdiction.  (2015 Opinion, at 4.)  A dismissal for lack of subject matter jurisdiction is not a dismissal on the merits and is not permanently binding as the law of the case or res judicata, because jurisdictional defects may be cured.  See Exchange Nat'l Bank v. Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976).  However, as a general matter, a court should not "depart from the sound policy of the law of the case doctrine absent cogent or compelling reasons."  Baden v. Koch, 799 F.2d 825, 828 (2d Cir. 1986).

   Here, the 2015 Opinion held that Plaintiff's decision to pursue his NYCHRL claim in an alternative forum, the New York State Division of Human Rights ("NYSDHR"), is preclusive of this Court's jurisdiction of that claim, based on the settled law of this Circuit.  In York v. Ass'n of the Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002), the Second Circuit held that section 8-502(a) of the New York City Administrative Code barred a plenary court action based on claims that had been brought before the NYSDHR.  That Code section, which has not been amended since the liberalization of the NYCHRL, provides clearly that there is no right to bring a court action under the NYCHRL if the complainant "has filed a complaint with . . . the state division of human rights with respect to such unlawful discriminatory practice."  8 N.Y.C. Admin. Code § 502(a).  This election of remedies provision does not require that the claim have been addressed under the NYCHRL; Plaintiff's argument here that the lawsuit bar is inapplicable because the NYSDHR did not specifically address the NYCHRL is thus unavailing.  The NYCHRL claims are, accordingly, dismissed.

The Title VII Claims

Defendants move to dismiss Plaintiff's Title VII claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  When deciding a motion to dismiss a complaint for failure to state a claim, the Court accepts as true the non-conclusory factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662 (2009); Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In the employment discrimination context, to survive a motion to dismiss, a plaintiff "need not allege facts establishing each element of a prima facie case of discrimination," but must "at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed."  E.E.O.C. v. Port Auth. of N.Y. and N.J., 768 F.3d 247, 254 (2d Cir. 2014) (internal quotation marks and modifications omitted).

This Court's prior opinion addressed the timeliness of Plaintiff's Title VII claims, holding that the statute of limitations bars all claims based on events occurring prior to March 27, 2012.  (2015 Opinion, at 6.)  As Plaintiff concedes, under applicable Supreme Court precedent, the continuing violation doctrine does not apply to Title VII actions, and Plaintiff is therefore limited to Title VII claims based on events occurring on or after March 27, 2012.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002).  Plaintiff's claims are therefore untimely to the extent they are based on events prior to March 27, 2012.

Plaintiff asserts Title VII claims of unlawful discrimination and unlawful retaliation.  Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of

such individual's race, color, religion, sex, or national origin." 42 U.S.C.S. § 2000e-2(a)(1) (LexisNexis 2012).  To survive a motion to dismiss a claim of discrimination, a plaintiff must plausibly allege facts tending to demonstrate that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he has minimal factual support for the proposition that the employer was motivated by discriminatory intent.  See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

The first and second prongs of this test are uncontested.  As to the third prong, an adverse employment action is a "materially adverse change in the terms and conditions of employment."  Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000).  Here, Plaintiff's claim of discrimination based on the March 27, 2012, refusal to respond to a reference call does not identify a material adverse employment action.  See, e.g., Memnon v. Clifford Chance US, LLP, 667 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2009) (allegations of post-resignation conduct cannot support a Title VII discrimination claim).  Plaintiff therefore cannot state a claim for discrimination, and this claim is dismissed.

To state a claim for retaliation, Plaintiff must allege "participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action."  Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991).  The Court assumes for purposes of this analysis that Plaintiff has alleged that he engaged in protected conduct by complaining of discrimination to his employer prior to his resignation.  Defendants contest the causal connection between this activity and the alleged adverse action (the March 2012 refusal to provide a reference).

The Second Circuit has recognized that a plaintiff may state a claim for retaliation

"even though [he is] no longer employed by the defendant company, if, for example, the company . . . wrongfully refuses to write a recommendation to prospective employers." Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997); see also Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. 53, 64 (2006) ("[T]he antiretaliation provision [of Title VII], unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment.").

Here, Plaintiff's sole timely allegation of retaliatory conduct is that, on March 27, 2012, Defendants were contacted by Plaintiff's prospective employer and refused to provide any information regarding Plaintiff's employment.[1]  (FAC ¶ 36.)  Plaintiff alleges that he was denied employment as a result.  (Id. ¶ 37.)  This suffices, at the motion to dismiss stage, to establish the necessary adverse employment action.  See Kreinik v. Showbran Photo, Inc., No. 02 CV 1172, 2003 WL 22339268, at *6 (S.D.N.Y. Oct. 14, 2003) ("[R]etaliatory actions injurious to a plaintiff's ability to secure future employment are actionable.").

To establish causation, Plaintiff relies on the argument that Defendants' acts were in temporal proximity to his alleged protected activity (complaints of discrimination at unspecified times prior to 2006).  Temporal proximity may be indicative of a causal relationship between a protected activity and an adverse employment action.  See, e.g., Cifra v. Gen. Elec. Co., 252 F.3d 205, 217 (2d Cir. 2001).  Plaintiff's theory of causation relies on the temporal proximity of his protected activity to the Defendants' first act of alleged post-employment retaliation, which Plaintiff asserts occurred beginning in the same year that Plaintiff was

---

[1] Plaintiff alleges "on information and belief" that Defendants' refusal to provide information "occurred multiple times both before and after the March 2012 incident (FAC ¶ 38), but provides no factual support for any acts occurring after March 27, 2012.

allegedly forced to resign. (FAC ¶¶ 20-22.) Plaintiff's allegations of pre-2012 refusals of references are entirely conclusory, however, and the more than six-year gap between Plaintiff's alleged complaints of discrimination and the allegedly retaliatory action taken in 2012 is far too long to support a causal inference. Plaintiff argues in his brief that, because the first alleged retaliatory act (his forced resignation) occurred only three months after a complaint of discrimination, an inference of retaliatory motive can be drawn for all future adverse actions, up to and including the March 2012 denial of a reference. Plaintiff does not, however, plead any specific complaints, nor does he allege any specific acts of retaliation between the allegedly forced resignation and the 2012 failure to respond to the reference inquiry. The sparse factual allegations in the FAC are insufficient to render plausible Plaintiff's assertion that an unidentified individual's failure to provide a reference in 2012, six years after his resignation, was retaliatory. The retaliation claim is therefore dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. This Memorandum Opinion and Order resolves docket entry no. 49. The Clerk of Court is respectfully requested to enter judgment for Defendants and close this case.

SO ORDERED.

Dated: New York, New York
       June 10, 2016

                                                    /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 United States District Judge